UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

SCHNEIDER HOTELS, LLC and
SCHNEIDER GROUND COMPANY
(HOTELS) LLC,                                                                     Plaintiffs,

v.                                                                Civil Action No. 3:21-cv-133-DJH-CHL

FLOOD BROTHERS, INC.,                                                             Defendant.

\* \* \* \* \*

## MEMORANDUM OPINION AND ORDER

Plaintiffs Schneider Hotels, LLC and Schneider Ground Company (Hotels) LLC initiated this action against Defendant Flood Brothers, Inc., asserting several claims related to the mechanic's lien that Flood Brothers recorded on Plaintiffs' property. (Docket No. 1-1) Plaintiffs now move for partial summary judgment, seeking a declaration that the lien is dissolved and injunctive relief requiring Flood Brothers to release the lien. (D.N. 15) After careful consideration, the Court will grant the motion.

**I.**

Plaintiffs contracted with BW Dallas, LLC, a third party, in July 2017 to act as their purchasing agent to procure furniture, fixtures, and equipment for Plaintiffs' property, the Galt House Hotel. (D.N. 1-1, PageID # 10; *see* D.N. 15-2) BW Dallas subcontracted with Flood Brothers to provide warehousing, delivery, and installation of those items. (*See* D.N. 15-2) In April 2020, Plaintiffs paid Flood Brothers $1,020,000 in three installments for its services. (*See id.*; D.N. 15-3) Flood Brothers later informed Plaintiffs that they owed an additional $2,597,166, and recorded a mechanic's lien on Plaintiffs' property on October 2, 2020, in this amount after Plaintiffs rejected Flood Brothers' invoice. (D.N. 15-4; *see* D.N. 15-1, PageID # 63; D.N. 18,

1

PageID # 86) Shortly thereafter, Schneider Hotels, LLC sought a writ of possession against Flood Brothers in Tennessee state court to recover the furniture, fixtures, and equipment that Flood Brothers was storing at its Tennessee facility. (*See* D.N. 18-1, PageID # 95) In early 2021, Flood Brothers asserted counterclaims in that action, alleging breach of contract and quantum meruit. (D.N. 18-1)

Plaintiffs initiated this action in Kentucky state court on February 4, 2021, asserting several claims related to the mechanic's lien that Flood Brothers recorded on Plaintiffs' property. (*See* D.N. 1-1) Specifically, Plaintiffs claim slander of title, breach of contract, and conversion and seek a declaration of rights and injunctive relief. (*See id.*) Flood Brothers removed the action to this Court and answered the complaint, denying Plaintiffs' allegations. (D.N. 1) Plaintiffs now move for partial summary judgment (D.N. 15), arguing that the lien is dissolved due to Flood Brothers' failure to enforce it by October 1, 2021, twelve months after it was filed. *See* Ky. Rev. Stat. § 376.090(1). Flood Brothers contends that its assertion of counterclaims in the Tennessee action and answer in this action satisfied the enforcement requirement. (D.N. 18) Flood Brothers alternatively requests that the Court permit it to amend its answer to add a counterclaim seeking enforcement of the lien. (*Id.*, PageID # 91)

**II.**

Summary judgment is appropriate when a movant shows, using evidence in the record, "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). For purposes of summary judgment, the Court must view the evidence in the light most favorable to the nonmoving party. *Loyd v. Saint Joseph Mercy Oakland*, 766 F.3d 580, 588 (6th Cir. 2014) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)). If the nonmovant "fails to properly support an assertion of fact or fails to properly

address another party's assertion of fact," the fact may be treated as undisputed. Fed. R. Civ. P. 56(e)(2)–(3).

Plaintiffs seek injunctive relief requiring Flood Brothers to release the mechanic's lien and a declaration that the lien is unenforceable, contending that Flood Brothers' failure to timely seek enforcement of the lien dissolved it. (D.N. 15; *see* D.N. 15-3) Kentucky law mandates that an action to enforce a mechanic's lien be initiated through "equitable proceedings." Ky. Rev. Stat. § 376.110(1). "The petition shall allege the facts necessary to secure a lien, and shall describe the property charged and the interest the [claimant] seeks to subject." *Id.* A mechanic's lien "shall be deemed dissolved unless an action is brought to enforce the lien within twelve (12) months from the day of filing the statement in the clerk's office, as required by [Ky. Rev. Stat.] § 376.080." § 376.090(1). "Kentucky courts adhere to the rule that statutory provisions for perfecting a lien must be strictly followed." *Higginbotham v. Scott & Ritter, Inc.*, No. 2012-CA-001446-MR, 2014 WL 3714552, at *2 (Ky. Ct. App. July 25, 2014) (quoting *3D Enters. Contracting Corp. v. Louisville & Jefferson Cnty. Metro. Sewer Dist.*, 174 S.W.3d 440, 445 (Ky. 2005) (rejecting the argument that the mechanic's-lien statute should be construed liberally)) (internal quotation marks omitted).

Flood Brothers argues that it sought enforcement of the lien by asserting breach of contract and quantum meruit as counterclaims in the Tennessee action. (D.N. 18, PageID # 88; *see* D.N. 18-1) But "common law and statutory remedies are independent of one another." *See Brown Sprinkler Corp. v. Somerset-Pulaski Cnty. Dev. Found., Inc.*, 335 S.W.3d 455, 458 (Ky. Ct. App. 2010) (citing *Guarantee Elec. Co. v. Big Rivers Elec. Corp.*, 669 F. Supp. 1371 (W.D. Ky. 1987); *Perkins v. Daugherty*, 722 S.W.2d 907, 909 (Ky. App. 1987)). As the Court explained in *Guarantee Electric Co.*, the mechanic's lien "operates only as against the property or *in rem*,"

3

while a common-law action, such as a breach-of-contract claim, "results in a money judgment against a person or *in personam*." 669 F. Supp. at 1379–80; *see also In re Morris*, 2017 Bankr. LEXIS 3289, at *6–7 (Bankr. W.D. Ky. Sept. 28, 2017) (distinguishing between an action for breach of contract and an action to enforce a mechanic's lien). Flood Brothers therefore has not demonstrated that its counterclaims for breach of contract and quantum meruit constituted enforcement of the mechanic's lien. *See In re Morris*, 2017 Bankr. LEXIS 3289, at *10–11 (determining that a creditor failed to enforce its mechanic's lien when it initiated an action for "breach of agreement").

Flood Brothers' answer in this action similarly fails to comply with the enforcement requirements set out in § 376.110(1). (*See* D.N. 6; D.N. 18, PageID # 91) As previously discussed, there is an "unambiguous statutory procedure" for enforcing a mechanic's lien. *Middletown Eng'g Co. v. Main St. Realty, Inc.*, 839 S.W.2d 274, 275 (Ky. 1992); *see Higginbotham*, 2014 WL 3714552, at *2 (noting that Kentucky courts strictly construe the statutory provisions for enforcing a lien). A creditor must "allege the facts necessary to secure a lien" and "describe the property charged and the interest the [claimant] seeks to subject." § 376.110(1). Flood Brothers' answer does not contain this information (*see* D.N. 6), and the Court thus cannot find that it sought enforcement of the lien in that pleading. *See* § 376.110(1); *Middletown Eng'g*, 839 S.W.2d at 275 (determining that a claimant's failure to provide the statutorily mandated pre-lien notice, even though the owner had actual notice, dissolved the lien).

Flood Brothers also contends that the Court should construe its answer in this matter as asserting a counterclaim that sought enforcement of the mechanic's lien, pursuant to Federal Rule of Civil Procedure 8(c)(2). (D.N. 18, PageID # 91) Rule 8(c)(2) requires the Court "if justice requires" to treat a counterclaim mistakenly designated as a defense as though it was "correctly

4

designated." Fed. R. Civ. P. 8(c)(2).  Counterclaims seek "relief independent of that sought in the complaint," while affirmative defenses challenge "the relief sought in the complaint." *Smithfield Packing Co. v. Jones Refrigeration*, No. CIV. 11-282-GFVT, 2013 WL 978694, at *4 (E.D. Ky. Mar. 12, 2013) (quoting *Scheurer Hosp. v. Lancaster Pollard & Co.*, No. 12-11536, 2013 WL 173268, at *12 (E.D. Mich. Jan. 16, 2013)) (internal quotation marks omitted).  Here, Flood Brothers' answer merely denies Plaintiffs' allegations, and its asserted "affirmative defenses" fail to even mention the mechanic's lien. (*See* D.N. 6)  Because Flood Brothers "d[id] not merely *designate* a counterclaim as an affirmative defense, but also fail[ed] to provide notice of the basis of the counterclaim in the body of the affirmative defense," the Court declines to construe its answer as having alleged a counterclaim that sought enforcement of the mechanic's lien. *Karum Holdings LLC v. Lowe's Cos., Inc.,* No. 15 C 380, 2017 WL 5593319, at *3 (N.D. Ill. Nov. 21, 2017), *aff'd*, 895 F.3d 944 (7th Cir. 2018); *see Plan Bd. of Sunkist Ret. Plan v. Harding & Leggett, Inc.*, No. CV 05-8659 AG (RCX), 2008 WL 11354963, at *2 (C.D. Cal. Nov. 17, 2008) (refusing to characterize an affirmative defense as a counterclaim where the assertion "merely attack[ed] Plaintiff's right to bring an action against Defendant"); *cf. Heartland Materials, Inc. v. Warren Paving, Inc.*, No. 5:16-CV-00146-TBR, 2018 WL 2324075, at *6–8 (W.D. Ky. May 22, 2018), *aff'd*, 819 F. App'x 323 (6th Cir. 2020) (refusing to allow defendants to assert a counterclaim or affirmative defense, which would otherwise be time barred, to "skirt[] [the] statute of limitations").

Flood Brothers failed to enforce the lien by October 1, 2021, twelve months after it was filed, and the lien is therefore dissolved. *See* § 376.090(1); *Gil Ruehl Mech., Inc. v. Hartford Fire Ins. Co.*, 164 S.W.3d 512 (Ky. Ct. App. 2004) (noting that the statute "does not merely preclude a claim upon the mechanic's lien; rather, it dissolves the lien").  And because the lien is dissolved, Flood Brothers' request to amend its answer is futile. *See* § 376.090(1); *SFS Check, LLC v. First*

5

*Bank of Del.*, 774 F.3d 351, 355 (6th Cir. 2014) (noting that leave to amend a pleading under Federal Rule of Civil Procedure 15(a)(2) may be denied when amendment would be futile). The Court will thus grant partial summary judgment in favor of Plaintiffs.

### III.

For the reasons set forth above, and the Court being otherwise sufficiently advised, it is hereby

**ORDERED** as follows:

(1)     Based on the foregoing analysis, Plaintiffs' motion for partial summary judgment (D.N. 15) is **GRANTED**. The Court further finds that the lien is **DISSOLVED** by operation of Kentucky law.

(2)     The Court requests that within **thirty (30) days of entry** of this Memorandum Opinion and Order, Magistrate Judge Colin H. Lindsay (D.N. 10) conduct a status conference with the parties.

May 24, 2022

**David J. Hale, Judge**
**United States District Court**